Dear Mr. Collins:
This office is in receipt of your request on behalf of the Board of Commissioners of the Lady of the Sea General Hospital for an opinion of the Attorney General. The hospital is within the Lafourche Parish Hospital Service District No. 1 which is a political subdivision of the state. Your questions, relative to the legality of certain expenditures by the hospital, are as follows:
 1. May the Hospital pay membership dues on behalf of the hospital and its contract physician to the local Chamber of Commerce;
 2. May the Hospital budget and expend funds as a sponsor of the local high school as a participant along with other community businesses in the program "Partners in Education"; and
 3. May the Hospital subscribe to the "The Public Record Bulletin" as a weekly publication of a compilation of various court records of the three parish area.
As you recognize in R.S. 46:1064 the hospital service districts are declared to be political subdivisions of the state to purchase, acquire, and maintain hospitals, nursing homes, physicians and dentists offices, laboratories, and other physical facilities necessary to carry out the purpose of the chapter which is generally to render care to the sick and injured in the promotion of health.
It is well established that the donation of public funds is prohibited in Art. VII, Sec. 14 of the La. Const. of 1974.
While there may use of public funds donated in a cooperative endeavor, this cannot be simply to achieve some public benefit. There is the requirement, along with a public purpose, that there be a legal obligation to expend the funds. Thus, the purpose and power for the expenditure must be sanctioned by laws. Atty. Gen. Op. No. 90-519. The prohibition is not affected by the fact that the community may reap some benefit as a result of the disbursement.
There can be no doubt that membership by the hospital service district in the Chamber of Commerce can be of a public benefit, but we fail to see how this is a function authorized by law to the hospital service district. The office of the Attorney General has long held that purchase of membership in a Chamber of Commerce for municipal officers are not allowed unless the expenditure of dues are in the discharge of a duty pertaining to his office. Atty. Gen. Op. Nos. 89-602, 79-502, 1946-48, p. 462.
Finding no statutory duty fulfilled by membership in the Chamber of Commerce, we must conclude that payment by the hospital of the membership fee is not authorized.
A similar conclusion must be reached with regard to the donation of funds to the "Partners in Education" program. Contributions to such organizations as Boy Scouts of America, Y.M.C.A., Veterans of Foreign Wars, Salvation Army and other such civic or charitable organization have been viewed as a violation of the constitution. Atty. Gen. Op. 79-502.
With regard to the subscription by the hospital to the weekly publication by the Credit Bureau of Terrebonne, we do not find this constitutes a donation. We do not know the value or the use of the subscription by the hospital, but the cost is not a donation, pledge or loan.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/2061f